RECEIPT #
AMOUNT $ 150
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 8-6-04

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Lynda Gauthier,

  Plaintiff,

VS.

Ann M. Veneman,
Secretary, Department
of Agriculture,

  Defendant.

CIVIL ACTION NO.

04 - 11733 PBS

MAGISTRATE JUDGE Alexander

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. section 1331, together with 42 U.S.C. sections 2000e-5 and 2000e-16. Specifically, this is a complaint stating a cause of action under Title VII of the Civil Rights Act of 1964, as amended, alleging discriminatory treatment of the plaintiff in her employment with the defendant on the basis of her gender.

Further, the complaint sets forth claims brought under the Rehabilitation Act of 1973, 29 USC 791, et seq. insofar as the plaintiff alleges that she suffered disability discrimination.

### VENUE

2. The venue of this Court to entertain this cause of action is appropriate by virtue of 42 U.S.C. § 2000e-5(f) insofar as all of the actions central to this case occurred in this judicial district.

**THE PARTIES**

3. The plaintiff, Lynda Gauthier, a female, resides in the Commonwealth of Massachusetts with a principal residence at 282 Glendale Road, in Northampton. At the time of the events central to her claims, she was employed by the United States Department of Agriculture as an Information Resource Manager, GS-12, with agency's Rural Development Office in Amherst, Massachusetts.

4. The United States Department of Agriculture (hereinafter "the agency") is an administrative agency of the United States Government with its principal offices in Washington, D.C. Ann Veneman is the Secretary of that agency and is named in her capacity as its head.

**ADMINISTRATIVE PROCEEDINGS**

5. Within the time prescribed by law, on January 2, 2002, the plaintiff filed an administrative complaint of employment discrimination with the agency. On April 30, 2004, the agency issued its final decision relative to that complaint, finding that it had not discriminated against the plaintiff. Through its final decision, the agency provided the plaintiff with notice of her right to take her claims into federal court. The plaintiff has exhausted her administrative remedies with the agency insofar as the agency has issued its Final Decision denying her claims.

**THE CONTROVERSY**

6. For her cause of action against Ann Veneman, in her capacity as Secretary of the agency, the plaintiff states as

1

follows:

7.  That at all times relevant to this action, the plaintiff has been employed by the agency as an Information Resource Manager, GS-14, working from the agency's Rural Development Office in Amherst, Massachusetts.

8.  From June of 1999 through October of 2001, the agency, through the plaintiff's managers, were aware that the plaintiff suffered from disabling conditions, including major depression, chronic fatigue, sleep disorders and anxiety, and was treating with her medical care providers concerning those illnesses.

9.  The plaintiff requested accommodation from her managers relative to her disabilities beginning in April of 2001, including flexibility relative to her starting times and her continued participation in a Maxi-flex program used by the agency.

10.  On September 13, 2001, the plaintiff's manager removed her from the Maxi-flex program. Her managers further failed to accommodate her actual and/or perceived disabilities by scrutinizing her arrival times, issuing discipline against her and harassing her to the point that she would break down in tears. Her manager's conduct was calculated to exacerbate her medical condition and represented a pattern of continuing and ongoing harassment of her.

11.  Other employees were permitted to continue to participate in the Maxi-flex program, including those outside her protected category. Some were permitted to do so without any

medical condition and without the requirement that they submit documentation justifying such participation. The plaintiff, however, had that requirement imposed upon her.

## CAUSES OF ACTION

### COUNT I

12. The plaintiff incorporates by reference the averments of paragraphs one through eleven as though fully set forth at length herein.

13. The defendant has acted in violation of Title VII of the 1964 Civil Rights Act insofar as she has unlawfully discriminated against the plaintiff on the basis of her gender.

14. As a direct and proximate result of such discrimination, the plaintiff has and continues to suffer damages, including, without limitation, economic damages and pain and suffering of mind and body.

### COUNT II

15. The plaintiff incorporates by reference the averments of paragraphs one through eleven as though fully set forth at length herein.

16. The defendant has discriminated against the plaintiff on the basis of her actual and/or perceived disability.

17. As a direct and proximate result of such discrimination, the plaintiff has and continues to suffer damages, including, without limitation, economic damages and pain and suffering of mind and body.

## COUNT III

18. The plaintiff incorporates by reference the averments of paragraphs one through eleven as though fully set forth at length herein.

19. The defendant's ongoing and continuous discriminatory conduct created a hostile work environment for the plaintiff.

20. As a direct and proximate result of such retaliatory conduct, the plaintiff has and continues to suffer damages, including, without limitation, economic damages and pain and suffering of mind and body.

## DEMAND FOR RELIEF

21. The plaintiff respectfully demands the following relief from the defendant, Ann Veneman, in her capacity as the Secretary for the United States Department of Agriculture:

a. Enter a declaratory judgment determining that the plaintiff suffered discriminatory treatment as alleged in the above Counts I, II and III;

b. Award compensatory damages to the plaintiff under the Civil Rights Act of 1991;

c. Assess against the defendant, the costs and expenses incurred by the plaintiff in maintaining this proceeding, together with reasonable attorneys fees incurred by her in prosecuting the above-captioned case;

d. Any and all other relief to which the plaintiff may be entitled.

**JURY DEMAND**

The plaintiff demands trial by jury on all issues raised

herein.

                                                FOR THE PLAINTIFF

                                                By her Attorney,

                                                _____
                                                Waite P. Stuhl, Esq.
                                                6342 Waterman Ave.
                                                St. Louis, MO 63130
                                                (314) 726-1182
                                                (314) 863-1904 fax
                                                BBO # 548324

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**   LYNDA GAUTHIER

**DEFENDANTS**   ANN VENEMAN, SEC'Y DEPT OF AGRICULTURE

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
WAITE D. STUHL
6842 WATERMAN AVE    314-726-1182
ST. LOUIS, MO 63130

Attorneys (If Known)
04-11733 PBS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury—Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | **FEDERAL TAX SUITS** | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 790 Other Labor Litigation | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| | | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act | |
| | | | ☐ 871 IRS—Third Party 26 USC 7609 | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
29 USC 791 & Title VII - Federal employee alleging employment discrimination - Failure to Accommodate

**VII. REQUESTED IN COMPLAINT:**    ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    CHECK YES only if demanded in complaint:    JURY DEMAND:   ☒ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____   DOCKET NUMBER _____

DATE 8/5/04    SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __LYNDA GAUTHIER v. ANN VENEMAN__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [x] II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

   **04-11733 PBS**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]    NO [x]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]    NO [x]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]    NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]    NO [x]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   _1 party other than gov't_
   YES [x]    NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [ ]    Central Division [x]    Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]    Central Division [x]    Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]    NO [x]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __WAITE P. STUHL__
ADDRESS __6342 WATERMAN AVE, ST. LOUIS, MO 63130__
TELEPHONE NO. __(314) 726-1152__     FAX __(314) 863-1904__

(Coversheetlocal.wpd - 10/17/02)